
IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC L. WHITE                                                             PLAINTIFF

                 v.                   Civil No. 4:12-cv-04061

SHERIFF RON STOVALL; and
ARKANSAS DEPARTMENT OF
COMMUNITY CORRECTIONS                                DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff Eric White pursuant to 42 U.S.C. § 1983. Plaintiff is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Plaintiff's First Motion for Leave to Proceed *in forma pauperis* ("First IFP Motion") (ECF No. 4); Second Motion for Leave to Proceed *in forma pauperis* ("Second IFP Motion"); and the issue of preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity prior to ordering service. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

At the time he filed his Complaint, Plaintiff was incarcerated in Miller County Detention Center ("MCDC"). In his Complaint, Plaintiff names Ron Stovall, Sheriff of Miller County, and the Arkansas Department of Corrections, Miller County Office of Adult Probation and Parole

1

("ADC"). ECF No. 1, p. 3. Plaintiff does not specify whether he is suing Defendants in their official or individual capacity. In his Complaint, Plaintiff initially requested compensation for every day the ADC kept him in the custody of Miller County and Howard County as a result of his "NonSupport Case." ECF No. 1. Plaintiff goes on to explain that he was arrested for contempt of court for failure to obey a court order of child support. ECF No. 1, p. 8. Plaintiff requested an attorney to represent him in his revocation and nonsupport case in Miller County. ECF No. 1, p. 13. Plaintiff also included an extensive history of his "NonSupport Case" in Miller County. ECF No. 1, pp. 12-25.

Plaintiff filed his First IFP Motion on July 5, 2012 while he was incarcerated in MCDC. ECF No. 4. At some point, Plaintiff was released from MCDC and then incarcerated in the Howard County Detention Center ("HCDC"). Plaintiff filed his Second IFP Motion on February 13, 2013 while incarcerated in HCDC. ECF No. 10. On March 13, 2013, Plaintiff filed a notice with the Court that he was no longer incarcerated in the HCDC. ECF No. 12.

## II.   LEGAL STANDARD

In reviewing Plaintiff's IFP Motion, there is a two step process followed by the Court: (1) determine whether Plaintiff's economic status satisfies section 1915(a) requirements and, if it does, grant the Motion; unless (2) the Court determines the cause of action stated in Plaintiff's Complaint is frivolous or malicious. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). If the causes of action stated in the Complaint are frivolous or malicious then the Complaint must be dismissed. *Id.* Pursuant to the screening provisions of the Prison Litigation Reform Act, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### III. DISCUSSION

In his IFP Motions, Plaintiff states he does not receive any funds. The records from both the MCDC and HCDC indicate his monthly balance averages is zero. ECF Nos. 4, 10. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status. The Court, however, will not grant Plaintiff's IFP Motions because Plaintiff's claims are frivolous and fail to state claims upon which relief may be granted.

Plaintiff makes multiple challenges regarding what he alleges is his illegal parole or probation revocation and imprisonment for nonpayment of child support. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Here, Plaintiff did not assert that his conviction for nonpayment of child support had been set aside or otherwise held invalid, and therefore, Plaintiff has not stated

3

a cognizable claim under section 1983.  Accordingly, Plaintiff's claims relating to his arrest and imprisonment should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C §§ 1915(e)(2)(B)(ii) and 1915A(a).

As Plaintiff fails to state a cognizable claim under section 1983, the Court need not address his request for an attorney to be appointed to represent him.

### III.   CONCLUSION

Accordingly, I recommend that Plaintiff's First Motion for Leave to Proceed *in forma pauperis* (ECF No. 4) and Second Motion for Leave to Proceed *in forma pauperis* (ECF No. 10) be **DENIED** and the Complaint (ECF No. 1) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of March 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE