IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC L. WHITE                                                                                                              PLAINTIFF

        v.                             Civil No. 4:12-cv-04061

SHERIFF RON STOVALL; and
ARKANSAS DEPARTMENT OF
COMMUNITY CORRECTIONS                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

      This is a civil rights action filed by Plaintiff Eric White pursuant to 42 U.S.C. § 1983. Plaintiff is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Currently before me is Appellate's Motion for Leave to Appeal in forma pauperis (IFP) (ECF No. 16); and Motion to Extend Time to Appeal (ECF No. 19).

      On May 2, 2013, United States District Judge Susan O. Hickey dismissed this lawsuit on the grounds that White failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). ECF No. 15. Further, the Court found the dismissal of White's case constituted a "strike" under 28 U.S.C. § 1915(g). ECF No. 15. White filed a Motion for Leave to Appeal IFP on June 14, 2013. ECF No. 16. The Clerk sent a Notice to Pro Se Appellate on June 17, 2013 notifying White that if he intended to appeal he must file a Notice of Appeal. ECF No. 17. White filed his Notice of Appeal on June 25, 2013. ECF No. 18. Also

1

within the same document White requested his time to file an appeal be extended. ECF No. 19.[1]
In the Motion to Extend, White stated he did not received his mail from the Court until June 13, 2013 because other persons living in his house may have received it and not given it to him.

As was discussed in greater detail in the Report and Recommendation filed on March 29, 2013 (ECF No. 13), all of White's claims were subject to dismissal as frivolous. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from the dismissal of these frivolous claims is not taken in good faith.

Additionally, the United States District Court entered judgment in this matter on May 2, 2013.  ECF No. 15.  Pursuant to Federal Rule of Appellate Procedure 4, a notice of appeal must be filed with the district clerk within thirty (30) days after entry of the judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  White did not file his Notice until June 25, 2013—approximately fifty-four (54) days from the day the Court ordered this case dismissed. Further, White did not file his Motion to Extend until June 25, 2013.  ECF No. 19.  Rule 4 requires motions to extend to be filed within thirty (30) days of the time prescribed by Rule 4 for filing notices of appeal and to state good cause why an extension should be granted.  Fed. R. App. P. 4(a)(5)(A).  Plaintiff failed to meet either requirement of Rule 4(a)(5)(A).

Accordingly, I recommend that White's Motion for Leave to Appeal IFP (ECF No. 16) be denied pursuant to 28 U.S.C. § 1915(a)(3) as the appeal is not taken in good faith, and as untimely pursuant to Federal Rule of Appellate Procedure 4.  I also recommend, White's Motion to Extend Time to Appeal (ECF No. 19) be denied because it was untimely and failed to show good cause

---

[1] The same document that is filed as White's Notice of Appeal was filed in a separate entry at ECF No. 19 and titled Motion to Extend.  See ECF Nos. 18 & 19.

why an extension should be granted. White may renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 6th day of August 2013.

                                    /s/ Barry A. Bryant
                                    HON. BARRY A. BRYANT
                                    UNITED STATES MAGISTRATE JUDGE